FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA   00 JUN 30 AM 11: 56
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

JUN 3 0 2000

| | | |
|---|---|---|
| KENNETH A. WISE and SHELBY JEAN WISE, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION NUMBER |
| METROPOLITAN LIFE INSURANCE COMPANY; SAMMY J. PILATO, et al., | ) ) ) ) | 00-C-1400-S |
| Defendants. | ) | |

## MEMORANDUM OPINION DENYING MOTION TO STAY AND GRANTING MOTION TO REMAND

Defendant Metropolitan Lie Insurance Company ("MetLife") has moved to stay this case pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") on MetLife's motion to transfer the case to the Western District of Pennsylvania. For the reasons which follow, the motion will be denied and Plaintiffs' motion to remand will be granted.

I

This case was filed on April 5, 2000, in the Circuit Court of Jefferson County, Alabama. Plaintiffs Kenneth A. and Shelby Jean Wise allege that Defendant MetLife and its agent Sammy J. Pilato fraudulently misrepresented certain material facts and suppressed

10

others relating to coverage in urging Plaintiffs to "upgrade" their life insurance policies. Acting in reliance on these alleged misrepresentations by Pilato, the Wises maintain that they replaced their older policies to their detriment. In his answer, Pilato admits that he has met with Plaintiffs at their home for the purpose of discussing their insurance coverage. The policies were replaced or "upgraded" at various times between 1989 and 1993. In their complaint, the Wises allege that they did not discover the facts which form the basis of their fraud claims until September 1999, when they were notified of a pending class action alleging fraud on the part of MetLife in the sale and replacement of insurance policies.

The case was timely removed by MetLife, with the consent of Pilato. Recognizing that Pilato's presence would otherwise defeat the diversity jurisdiction of this Court (and hence, removability), MetLife argues that Pilato was fraudulently joined. MetLife says that Plaintiffs cannot establish any cause of action against him for two independent reasons: (1) they did not reasonably rely on the alleged misrepresentations, and (2) their claims are barred by Alabama's two-year statute of limitations for fraud. Notice of Removal, p. 4.

After removing the case, MetLife filed a motion with the MDL Panel to transfer the case to the Western District of Pennsylvania for coordinated pretrial proceedings, pursuant to 28 U.S.C. § 1407.

Plaintiffs have filed a timely Motion to Remand, generally denying fraudulent joinder.

II

In determining whether Defendant Sammy Pilato has been fraudulently joined, the Court must consider (1) whether there is any possibility the Wises can establish any cause of action against him under either the law or the facts as alleged in their complaint, (2) whether the Wises have fraudulently pled jurisdictional facts in order to hale Pilato into the Circuit Court of Jefferson County, Alabama, and (3) whether Pilato has a real connection with the controversy. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996).

Based on Plaintiffs' well-pleaded complaint, the Court concludes that MetLife has failed to meet its heavy burden of establishing fraudulent joinder. Based on the fact that Pilato actually made the alleged misrepresentations and was the human instrument through which MetLife allegedly suppressed material facts, it is altogether possible that the Wises can recover against him. It is clear that the Wises have not fraudulently pled jurisdictional facts. And it is equally clear that Pilato has a real connection with the controversy in this action.

MetLife's argument that Plaintiffs did not reasonably rely on the misrepresentations and that their claims are time-barred is little more than an argument that Plaintiffs will not prevail on the merits and that MetLife's affirmative defense will trump the claims on the merits. Without doubt, the arguments are strong; but they are not strong enough to substantiate a claim of fraudulent joinder.

While confessing that he may be in the minority, this judge sees no reason to

put the parties to the expense of MDL proceedings when it is clear to him that the case should not have been removed to this Court in the first place.

By separate order, the case will be remanded to the Jefferson County Circuit Court.

DONE this 28th day of June, 2000.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON